SO ORDERED.

SIGNED this 23 day of December, 2009.

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

IN RE:                                                            CASE NO.

SANDRA A. ULLOA                                       09-010343-8-JRL

    DEBTOR.                                                   Chapter 7

## ORDER

This case is before the court on the debtor's application for waiver of the Chapter 7 filing fee for individuals who cannot pay the filing fee in full or in installments. A hearing took place in Raleigh, North Carolina on December 17, 2009.

The debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on November 30, 2009, along with the Official Form 3B to waive the filing fee. It is the debtor's burden to show that the application to waive the filing fee should be granted. *Judicial Conference of the United States Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005* ¶ II.A.6 (August 11, 2005), *available at* http://www.uscourts.gov/bankruptcycourts/jcusguidelines.html [hereinafter Interim Procedures]; In re Spisak, 361 B.R. 408, 412 (2007); In re Burr, 344 B.R. 234, 236 (Bankr. W.D.N.Y. 2006); In re Nuttall, 334 B.R. 921, 923 (Bankr. W.D. Mo. 2005). The court may waive the filing fee if: (1) "the court determines that such individual has income

less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved" and (2) the debtor "is unable to pay that fee in installments." 28 U.S.C. § 1930(f)(1).

The 2009 Poverty Guidelines for the 48 contiguous states and D.C. shows $13,538.00 as the applicable guideline for a family of one person, such as the debtor. 45 C.F.R. Pt. 1611, App. A (Jan. 30, 2009). Calculating 150 percent of the guideline yields $20,307.00. According to Line 16 of Schedule I, the debtor's total combine monthly income is $1,108.00, which is $13,296.00 annually. This is below the 150 percent threshold, and therefore the debtor meets the first factor of the test.

Secondly, the court must consider whether the debtor is able to pay the fee in installments. This requires the court to look at the "totality of the circumstances." Interim Procedures, ¶ II.A.5; In re Lineberry, 344 B.R. 487, 493 (Bankr. W.D. Va. 2006); In re Kauffman, 354 B.R. 682, 685-86 (Bankr. D. Vt. 2006). The Interim Procedures states that "Official Form 3B elicits information relevant to this determination." As 3 set forth on Official Form 3B, the debtor's reported total combined monthly income is $1,108.00, and her reported monthly expenses are $1,498.00, leaving no excess income. At hearing, the debtor testified that she has been unemployed for approximately six months, that she believes her unemployment compensation will discontinue shortly, and that any income tax refund received for 2009 will be needed to support her family.[1] The debtor also testified that she borrowed the $750 to pay her bankruptcy attorney from family and friends.

---

[1] Although the debtor did not include any dependents on her Schedules, she testified at hearing that she provides support for two of her children in addition to herself.

The trustee filed an objection to the debtor's application, but did not appear at the hearing to advance opposition to the application.

Based on the testimony presented at hearing, it is apparent that the debtor lacks the means to pay the filing fee without severe hardship to her family. The debtor's application to waive the filing fee is hereby ALLOWED.

**"END OF DOCUMENT"**